**UNITED STATES v. N. B. FAIRCLOUGH & SONS, Inc., et al.**

No. 3228.

District Court, D. New Jersey.

April 15, 1946.

Edgar H. Rossbach, U. S. Atty., and Charles J. Tyne, Asst. U. S. Atty., both of Newark, N. J., for the Government.

Drewen & Nugent and John Drewen, all of Jersey City, N. J., for defendants.

MEANEY, District Judge.

A motion has been made by defendants in this cause to quash the indictment, on the ground that it does not set forth with sufficient particularity any violation of law, and more particularly, of the regulations of the Price Administrator, relating to solid fuels sold and delivered by dealers.

The pertinent regulation, M.P.R. 122, section 1340.252, prohibits:

"(a) selling, or in course of trade or business, buying solid fuels, at prices higher than the maximum prices fixed by this regulation, or

"(b) obtaining a higher than ceiling price by:

"(1) changing customary allowances, discounts or price differentials, or

"(2) increasing any service charge or any interest rate on debts, etc.,

"(3) using any other device by which a higher than ceiling price is obtained."

It is the contention of the Government that the indictment charges effectively the use of a device by which a higher than ceiling price was obtained.

The indictment alleges that N. B. Fairclough & Son, Inc., John H. Fairclough, and Frank M. Zito did: "* * * knowingly, willfully and unlawfully make a yard sale and delivery in the course of trade and business of two (2) tons of pea coal and six (6) tons of stove and nut coal to A. M. Jacobs Coal Company, a body corporate, and obtain a higher than ceiling price for the same in the amount of Nine Dollars ($9.00) over and above the ceiling price established for said zone by the said Office of Price Administration, to wit, by using the device of demanding and requiring the said A. M. Jacobs Coal Company to furnish service and equipment and work and labor in the loading, cartage and delivery of six tons of coal to customers of the said N. B. Fairclough & Son, Inc., other than the said A. M. Jacobs Coal Company, to be fur-

nished and performed prior to the sale and delivery of coal to the said A. M. Jacobs Coal Company at its sole cost and expense without pay or remuneration or promise of pay or remuneration from the said N. B. Fairclough & Son, Inc., and as a condition precedent to the sale and delivery of two tons of pea coal and six tons of stove and nut coal to the said A. M. Jacobs Coal Company at the price of $75.72 (the said price of $75.72 being itself Fifty Cents ($.50) above the applicable ceiling price), the said amount of Nine Dollars being the fair value of the work, labor, service and equipment so furnished by the said A. M. Jacobs Coal Company for and to the said N. B. Fairclough & Son, Inc.; contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States."

This charges Fairclough with requiring the performance of services valuable to him, by the purchaser of the coal, before sale would be made.

Confined as we are to the indictment, in passing on the question of its validity, the situation set forth in the various counts of the indictment must be accepted as factual. Therein, the defendants are charged with making a yard sale of coal, and requiring the performance of certain services, namely, the delivery of coal sold to others as a prerequisite to the sale of the coal to the original purchaser.

It would seem that no amount of rationalization or fine drawn argument can obviate the conclusion that this situation resulted actually in a return to the defendants herein, in excess of the price or consideration established by the regulation. The whole purpose of Congress in authorizing the establishment of price regulation and permitting its implementation, was to protect the national economy and to attempt to prevent the ruinous consequences of inflation.

While the Supreme Court has restated the well-known principle that all criminal statutes must be construed strictly, and has accented this doctrine (M. Kraus & Bros., Inc., v. United States of America, 66 S.Ct. 705, 712), in what the dissenting opinion implies to be exaggerated terms, nevertheless it would seem to the court that the regulation above cited (subparagraph (3) of subsection (b) of section 1340.252) sets forth with sufficient particularity a positive regulation for meeting "thinly disguised subterfuges" which attempt to evade in both letter and spirit the price control laws.

Whatever the proofs may be in the instant case, the language of the indictment sufficiently sets forth a violation of the pertinent price regulation, and that regulation is set forth with sufficient clarity to apprise all persons of the nature of the acts forbidden, if it does not specifically denominate all possible kinds of devices and schemes which come within the prohibitions of the regulation.

The motion to quash is accordingly denied.